**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSIAH E. SMITH, | No. 08-55451 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-05305-VBF-SH |
| v. | |
| L. E. SCRIBNER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted May 26, 2010[**]
San Francisco, California

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

California state prisoner Josiah E. Smith appeals from the district court's

judgment denying his section 2254 petition. We have jurisdiction under 28

U.S.C. §2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Smith contends first that inculpatory statements attributed to him by the police were per se inadmissible under the rule of *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Edwards v. Arizona*, 451 U.S. 477 (1981), as his request to speak to a parent operated as a request for counsel. This argument does not afford a basis for habeas relief. The Supreme Court has not held that the request to speak to a parent or grandparent is tantamount to a request for counsel, so as to render any statements made following such a request per se inadmissible under the Fifth and Fourteenth Amendments. *See* 28 U.S.C. §2254(d)(1); *Fare v. Michael C.,* 442 U.S. 707, 719 (1979) ("The *per se* aspect of *Miranda* was thus based on the unique role the lawyer plays in the adversary system of criminal justice in this country."); *see also People v. Lessie*, 47 Cal.4th 1152, 1163-64, 1169 (2010) (*Fare* left no room for the proposition that a minor's request for a parent renders his statements per se inadmissible under *Miranda*; waiver in such cases must be evaluated by looking at the totality of the circumstances).

Smith next contends that his alleged statements were inadmissible under a totality of circumstances analysis. This argument also fails. The California Court of Appeal was not objectively unreasonable in concluding that Smith's *Miranda* waiver was voluntary where the record reveals an absence of police coercion during Smith's brief interrogation. *See* 28 U.S.C. §2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Fare*, 442 U.S. at 725 (totality of circumstances analysis is

appropriate to determine validity of juvenile's *Miranda* waiver); *Colorado v. Connelly,* 479 U.S. 157, 167, 169-70 (1986) (coercive police activity is necessary to a finding of involuntariness).

Moreover, even if admission of Smith's alleged statements had been erroneous, the error cannot be said to have had a substantial and injurious effect on the jury's verdict, given the overwhelming independent evidence introduced against Smith at trial and the prosecution's limited reliance on Smith's statements. *See Fry v. Pliler,* 551 U.S. 112 (2007); *Brecht v. Abrahamson,* 507 U.S. 619 (1993).

**AFFIRMED.**